1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
   Marcel F. Sincich, Esq. (SBN 319508)
3  msincich@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, CA 91367
   Phone: (818) 347-3333
5  Fax: (818) 347-4118

6  **THE SEHAT LAW FIRM, PLC**
   Cameron Sehat, Esq. (SBN 256535)
7  cameron@sethatlaw.com
   5100 Campus Dr., Suite 200
8  Newport Beach, CA 92660
   Tel: (949) 825-5200
9  Fax: (949) 313-5001

10 *Attorneys for Plaintiffs*

11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15

16 J.W. 1 and J.W. 2, minors, by and through | Case No.: 2:23-CV-03006-JAK-AGRx
   their guardian ad litem, Daisy Aguilar,
17 individually and as successors-in-interest | [*Honorable John A. Kronstadt*]
   to JAMES WALSH, deceased, | Magistrate Judge Alicia G. Rosenberg
18
                                            | **UNOPPOSED *EX PARTE***
19              Plaintiffs, | **APPLICATION FOR APPROVAL**
                                            | **OF THE COMPROMISE OF THE**
20          v. | **CLAIMS OF MINOR PLAINTIFFS**
                                            | **J.W.1 and J.W.2**
21
   CITY OF GLENDALE, NICHOLAS | **[Fed. R. Civ. P. 17(c) and Cal. Code**
22 ANDERSON, FRANCISCO | **Civ. Proc. §373]**
   MARTINEZ, ERIC MEYER, JUSTIN |
23 DARBY, ERNESTO TORRES, and | [Declaration of Marcel F. Sincich and
   DOES 1-10, inclusive, | Exhibits thereto, Petitioner's
24                                          | Endorsement of Daisy Aguilar, and
                                            | (Proposed) Order *filed concurrently*
25              Defendants. | *herewith*)
26

27

28

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that minor Plaintiffs J.W.1 and J.W.2, by and through their guardian *ad litem*, Daisy Aguilar, individually and as successor in interest to JAMES WALSH, deceased, hereby move this Court by way of this *Ex Parte* Application for Approval of Compromise of the Claims of Minor Plaintiffs J.W.1 and J.W.2 ("Application") for an order approving the settlement of their claims and distribution of their settlement funds. Minor Plaintiffs J.W.1 and J.W.2 and their guardian *ad litem*, Petitioner Daisy Aguilar, make this Application pursuant to Central District Local Rule 7-19. The grounds for this Application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Marcel F. Sincich, which is submitted concurrently herewith.

Prior to filing this *ex parte* application, minor Plaintiffs J.W.1 and J.W.2's counsel Marcel F. Sincich contacted Defendants' counsel to confirm that Defendants will not be opposing the instant Application. Defendants have no personal knowledge upon which to oppose, deny, or dispute the facts stated in this *ex parte* application, and accordingly relied solely on the representations of Plaintiffs and their counsel when determining not to oppose this Application. In addition, Defendants have no interest in the allocation and/or disbursement of settlement funds among Plaintiffs and their counsel and defer to the Court's good judgement in determining whether the settlement and subsequent allocation are fair, reasonable, and adequate. Defendants are represented by:

Michael J. Garcia, City Attorney

Ann M. Maurer, Chief Assistant City Attorney, SBN: 179649

Edward B. Kang, Principal Assistant City Attorney, SBN: 237751

613 E. Broadway, Suite 220; Glendale, CA 91206

Telephone: (818) 548-2080 | Facsimile: (818) 547-3402

Email: ekang@glendaleca.gov

(Sincich Decl. at ¶2.) Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the proposed distribution of the settlement proceeds as outlined in this Application. (Sincich Decl. at ¶3.)

This Application seeks approval of the compromise of minor Plaintiffs J.W.1 and J.W.2's claims on an *ex parte* basis because minor Plaintiffs J.W.1 and J.W.2's guardian *ad litem*, after consulting with an annuity broker, vetting insurance companies, and reviewing proposed annuity plans, has chosen an annuity the interest rate for which is likely to expire if this petition is heard as a regularly noticed motion. For that reason, filing this Application as a regularly noticed motion may cause a decrease in payment benefits to the minor Plaintiffs. (Sincich Decl. at ¶4.) Accordingly, Petitioner Daisy Aguilar as guardian *ad litem* for minor Plaintiffs J.W.1 and J.W.2 respectfully requests that this Court approve this Application on an *ex parte* basis.

This *ex parte* application is based on: (a) the following Memorandum of Points and Authorities; (b) the verification and Declaration by guardian *ad litem* Daisy Aguilar; (c) the Declaration of Marcel F. Sincich with Exhibits; (d) the *Proposed* Order filed concurrently herewith; and (e) pleadings and other papers on file in this action, and all other matters of which the Court may take judicial notice.

Respectfully submitted,

DATED:      May 20, 2024

**LAW OFFICES OF DALE K. GALIPO**
**THE SEHAT LAW FIRM, PLC**


By:    /s/      *Marcel F. Sincich*
_____
         Dale K. Galipo
         Marcel F. Sincich
         Cameron Sehat
         *Attorney for Plaintiffs*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.  INTRODUCTION**

Minor Plaintiffs J.W.1 and J.W.2, by and through their guardian *ad litem*, Daisy Aguilar, individually and as successors in interest to James Walsh, deceased, hereby submit this *ex parte* application and proposed order for approval of the compromise of the claims of minor Plaintiffs J.W.1 and J.W.2 ("Application"), and request that this Honorable Court approve of the proposed distribution of minor Plaintiffs J.W.1 and J.W.2's funds.

The instant claims of minor Plaintiffs J.W.1 and J.W.2 arose out of the officer-involved shooting death of James Walsh ("the Decedent") on April 14, 2022, by City of Glendale Police Department Officers. Minor Plaintiffs J.W.1 and J.W.2 are the Decedent's biological children and his lawful successors in interest, and the only Plaintiffs in this action.

After mediation conducted by Richard T. Copeland on April 16, 2024, the parties agreed to settle the above-referenced case as to all claims and parties. The settlement was formally approved by the City of Glendale City Council. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record a total sum of $750,000. The sum total settlement is broken down into the following: $375,000 (50%) of the settlement proceeds going to J.W.1; and $375,000 (50%) of the settlement proceeds going to J.W.2. (Sincich Decl. ¶5.)

**II.  DISCUSSION**

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).

Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine

whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952."

<u>Pursuant to the above California rules, minor Plaintiffs J.W.1 and J.W.2 and their attorneys make the following disclosures:</u>

1.     The Petitioner Daisy Aguilar is the legal guardian and adopting mother of and is guardian *ad litem* for minor Plaintiffs J.W.1 and J.W.2.

2.     Minor Plaintiffs J.W.1 and J.W.2. are represented by the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC ("Attorneys"), which are attorneys authorized to practice in the courts of this state.

3.     Minor Plaintiff J.W.1, is female. She was born in 2020. Plaintiff J.W.1, is the biological daughter of the Decedent in this case, James Walsh.

4.     Minor Plaintiff J.W.2. is female. She was born in 2022. Plaintiff J.W.2 is the biological daughter of the Decedent in this case, James Walsh.

5.     The nature of minor Plaintiffs J.W.1 and J.W.2's claims in this lawsuit are set forth in the operative complaint filed in this action. (Doc. 1.) Pursuant to the settlement agreement, minor Plaintiffs J.W.1 and J.W.2's claims will be compromised without a trial on the merits of the claims. (Sincich Decl. at ¶6.)

6.      Minor Plaintiffs J.W.1 and J.W.2's damages in this case arise from (1) the injuries suffered by the Decedent, for which minor Plaintiffs J.W.1 and J.W.2's can recover survival damages as his successors in interest; and (2) minor Plaintiffs J.W.1 and J.W.2's individual loss of the Decedent's comfort, care, companionship, training, support, and guidance. (Sincich Decl. at ¶7.)

7.      The total settlement that Defendants agree to pay is $750,000. As set forth above, Plaintiffs propose the following gross division: $375,000 (50% of the settlement proceeds) will go to Plaintiff J.W.1 and her attorneys; and $375,000 (50% of the settlement proceeds) will go to Plaintiff J.W.2 and her attorneys. (Sincich Decl. at ¶¶5, 8.)

8.      There are no unresolved disputes concerning liens to be satisfied from the proceeds of the minor Plaintiff's settlement compromise.

9.      Minor Plaintiffs J.W.1 and J.W.2's Attorneys, the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC, did not become involved in this matter at the direct or indirect request of a person against whom the claims are asserted or an insurance carrier of that person.

10.     Minor Plaintiffs J.W.1 and J.W.2's Attorneys, the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC, are neither employed by nor associated with a Defendant or insurance carrier in connection with the petition.

11.     Minor Plaintiffs J.W.1 and J.W.2's Attorneys, the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC, are requesting a contingency fee in the amount of 40 percent of the gross settlement proceeds allocated to each individual Plaintiff. The contingency retainer agreements between Plaintiffs and their Attorneys provide for a 40 percent contingency fee as to each Plaintiff. The Attorneys are requesting $300,000 in total attorneys' fees from the total gross settlement proceeds, which will be split between the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC, pursuant to Attorneys' Fee Division Agreement, executed by Plaintiffs. (Sincich Decl. at ¶9.)

12.     Minor Plaintiffs J.W.1 and J.W.2's Attorneys are also requesting reimbursement of advanced litigation costs in the total amount of $3,585.69. The costs will be borne by the Plaintiffs on a pro rata basis with their gross settlement allocation, such that minor Plaintiffs' Attorneys are requesting the following in costs from the gross settlement proceeds of each of the following Plaintiffs: J.W.1 (50% at $1,792.85), and J.W.2 (50% at $1,792.84). (Sincich Decl. at ¶10.)

13.     Under the existing retainer agreements, Plaintiffs' attorneys are due a 40 percent attorney recovery fee, plus reimbursement of advanced litigation costs. These are the amounts that the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC would be due under the existing contingency fee retainer agreement. This case involved a substantial amount of risk. If minor Plaintiffs J.W.1 and J.W.2 had prevailed at trial, statutory attorneys' fees due to minor Plaintiffs J.W.1 and J.W.2's attorneys under the retainer agreements could have exceeded $1 million. If the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC are not awarded a fully compensatory fee in such cases, they would not be able to take them. In turn, minor plaintiffs such as Plaintiffs J.W.1 and J.W.2 would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs J.W.1 and J.W.2's attorneys request reimbursement of the full amount of their attorneys' fees and costs. Further, the contingency fee requested is justified by attorney Dale K. Galipo's skill and experience in the civil rights field; the difficulties and complexities of this case; the risk assumed by Plaintiffs' counsel; and the time and expense of prosecuting this case. Plaintiffs' attorneys devoted significant time to this case in order to achieve a settlement for Plaintiffs, including but not limited to conducting extensive investigation and discovery; conducting interviews; consulting experts; and participating in mediation. Accordingly, Plaintiffs J.W.1 and J.W.2 and their attorneys submit that Plaintiffs J.W.1 and J.W.2's attorneys are deserving of the requested 40 percent attorney recovery fee in this case, which will be split evenly between the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC.

(Sincich Decl. at ¶11.)

14.     As stated above, the gross settlement amount is $750,000 for minor Plaintiffs J.W.1 and J.W.2 and their attorneys. After deducting requested attorneys' fees of $396,000 and advanced costs in the pro rata amount of $3,585.69, the total net settlement proceeds to minor Plaintiffs J.W.1 and J.W.2 is $446,414.31, which is $223,207.16 to J.W.1 and $223,207.15 to J.W.2, split evenly. (Sincich Decl. at ¶12.)

15.     It is requested that $446,414.31 be used to fund a structured settlement annuity for minor Plaintiffs J.W.1 and J.W.2. (Sincich Decl. at ¶13.)

Attached as "Exhibit A" to the Declaration of Marcel F. Sincich is the proposed structured settlement annuity and disbursement schedule for minor Plaintiff J.W.1. Under the proposal set forth in "Exhibit A," the total amount that minor Plaintiff shall receive directly after the final payment is made to J.W.1 is $561,000.00. Attached as "Exhibit B" to the Declaration of Marcel F. Sincich is the proposed structured settlement annuity and disbursement schedule for minor Plaintiff J.W.2.  Under the proposal set forth in "Exhibit B," the total amount that minor Plaintiff shall receive directly after the final payment is made to J.W.2 is $599,728.00. (Sincich Decl. at ¶14.)

Minor Plaintiffs J.W.1 and J.W.2's guardian *ad litem*, Petitioner Daisy Aguilar, has reviewed the proposed annuity and disbursement schedules for minor Plaintiffs J.W.1 and J.W.2 set forth in Exhibits A and B and believes that the proposal set forth in Exhibits A and B is in the best interest of minor Plaintiffs J.W.1 and J.W.2. (Sincich Decl. at ¶14.)

16.     The moving guardian *ad litem* Daisy Aguilar does not have any claims against Defendants in connection with the subject incident.

17.     The moving guardian *ad litem* Daisy Aguilar does not have any claims against minor Plaintiffs J.W.1 and J.W.2 in connection with the subject incident.

18.     California Welfare and Institutions Code Section 14124.73 does not apply.

19.     This motion does not seek an order for payment of money to a special needs trust. (Sincich Decl. at ¶15.)

Disclosures pursuant to California Rule of Court 7.951:

1.     This petition was prepared by attorney Marcel F. Sincich (California State Bar Number 319508), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, who represents minor Plaintiffs J.W.1 and J.W.2 in this action. (Sincich Decl. at ¶16.)

2.     Minor Plaintiffs J.W.1 and J.W.2's attorneys, the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC, did not become concerned with this matter or petition, directly or indirectly, at the instance of any party against whom the claims of said minor Plaintiffs are asserted or any party's insurance carrier. (Sincich Decl. at ¶17.)

3.     Minor Plaintiffs J.W.1 and J.W.2's attorneys, the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC, are not employed by any other party or any insurance carrier involved in the matter. (Sincich Decl. at ¶18.)

4.     Minor Plaintiffs J.W.1 and J.W.2's attorneys, the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC, have not to date received any compensation for their services in connection herewith from any person. (Sincich Decl. at ¶19.)

5.     Minor Plaintiffs J.W.1 and J.W.2 are the only Plaintiffs in the above-referenced action. Plaintiff J.W.1's attorneys expect to receive $150,000 in attorneys' fees and reimbursement of $1,792.85 in costs as set forth above. Plaintiff J.W.2's attorneys expect to receive $150,000 in attorneys' fees and reimbursement of $1,792.84 in costs as set forth above. Plaintiffs' attorneys do not expect to receive additional compensation for their services in connection herewith. (Sincich Decl. at ¶20.)

6.      Plaintiffs' attorneys, the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC, accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent contingency fee as to each Plaintiff. (Sincich Decl. at ¶21.)

7.      There are no terms of agreement between Petitioner and Attorneys.

Petitioner's Endorsement:

Petitioner Daisy Aguilar has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor Plaintiffs J.W.1 and J.W.2's claims, the parties responsible for the incident, and the nature, extent, and seriousness of the minor Plaintiffs J.W.1 and J.W.2's claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, minor Plaintiffs J.W.1 and J.W.2 will be forever barred from seeking any further recovery of compensation even though minor Plaintiffs J.W.1 and J.W.2's injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner Ms. Aguilar is informed and believes that minor Plaintiffs J.W.1 and J.W.2 have made sufficient recovery from the effects of their injuries and losses so as to justify the resolution of this matter in accordance with the terms of the settlement agreement. Petitioner recommends the compromise and the proposed distribution to minor Plaintiffs J.W.1 and J.W.2 to the Court as being fair, reasonable, and in the best interest of minor Plaintiffs J.W.1 and J.W.2 and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable.

Accordingly, Petitioner Daisy Aguilar, guardian *ad litem* for minor Plaintiffs J.W.1 and J.W.2, requests that this Honorable Court enter the proposed annuity attached to the Sincich Decl. as "Exhibit A" and "Exhibit B" for minor Plaintiffs J.W.1 and J.W.2. Specifically, Petitioner Daisy Aguilar requests that the Court enter the Proposed Order filed concurrently herewith. As stated, Petitioner Daisy Aguilar is minor Plaintiffs J.W.1 and J.W.2's guardian *ad litem*, and adopting mother.

**III.    CONCLUSION**

For the reasons above, minor Plaintiffs J.W.1 and J.W.2, by and through their guardian *ad litem*, Petitioner Daisy Aguilar, respectfully submit that this Court should enter the proposed order and "Exhibit A" and "Exhibit B" submitted concurrently herewith.

Respectfully submitted,

DATED:      May 20, 2024            **LAW OFFICES OF DALE K. GALIPO**
                                   **SEHAT LAW FIRM, PLC**


By:  _____*/s/ Marcel F. Sincich*_____
                Dale K. Galipo
                Marcel F. Sincich
                Cameron Sehat
                *Attorney for Plaintiffs*