UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS J.W.1 and J.W.2 (DKT. 37)**

### I.    Introduction

J.W. 1 and J.W. 2, by and through their guardian *ad litem* Daisy Aguilar, both individually and as successors-of-interest to their deceased father, James Walsh (collectively "Plaintiffs"), brought this action against the City of Glendale, Nicholas Anderson, Francisco Martinez, Eric Meyer, Justin Darby, Ernesto Torres, and Does 1-10 inclusive (collectively "Defendants"). Dkt. 1 (the "Complaint"). The Complaint was filed on April 20, 2023. *Id.* The action arises from the use of lethal force against Walsh by City of Glendale Police Department ("GPD") officers. *Id.* The Complaint advances ten causes of action, seven of which were brought pursuant to 42 U.S.C. § 1983 -- (1) excessive force; (2) interference with familial relationship; (3) denial of medical care; (4) supervisor liability; (5) unconstitutional custom, practice, or policy; (6) ratification; and (7) failure to train -- and three causes of action pursuant to state law -- (8) battery (survival/wrongful death); (9) negligence (survival/wrongful death); and (10) violation of the Bane Act.

On May 23, 2023, Defendants filed an Answer to the Complaint. Dkt. 22. After a mediation with Richard T. Copeland on April 16, 2024, the parties reached a settlement, which was then formally approved by the City of Glendale City Counsel. Dkt. 35. On May 20, 2024, Plaintiffs filed an Ex Parte Application for Approval of the Compromise of the Claims of Minor Plaintiffs J.W.1 and J.W.2. Dkt. 37 (the "Application"). The Application is unopposed.

A hearing on the Application is scheduled for June 3, 2024. However, Plaintiffs have requested that this Application be considered on an *ex parte* basis because minor Plaintiffs J.W.1 and J.W.2's guardian *ad litem*, after consulting with an annuity broker, vetting insurance companies, and reviewing proposed annuity plans, has chosen an annuity for which the favorable interest rate is likely to expire before the Application could be decided following a hearing. Dkt. 37 at 3. In light of this good cause, the June 3 hearing is taken off the Court's motion calendar, with the matter addressed in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
|---|---|---|---|
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

## II.   Factual Background

The Complaint arises from the alleged use of excessive and unreasonable force against Walsh by GPD police officers on April 14, 2022. Dkt. 1 ¶ 29. It is alleged that Walsh was approached by Anderson, Martinez, Meyer, Darby, Torres and Does 1-10 ("Defendant Officers") in a residential neighborhood with their guns drawn, and that without warning, they began to use deadly force against him. *Id.* ¶¶ 30-31. More than ten rounds were fired at Walsh, striking him multiple times and leaving him severely injured. *Id.* ¶¶ 29, 33. It is alleged that, despite his serious injuries, his need for medical attention and that he was not resisting, attempting to flee, or otherwise posing any threat to the officers or others, Defendant Officers subsequently shot him with a .40 mm projectile launcher several times while he was on the ground. *Id.* ¶ 38. Thereafter, it is alleged that, although Walsh was no longer moving, a K9 was released by Defendant Officers to attack him. *Id.* ¶ 40. It is alleged that these excessive uses of force, and the failure timely to summon medical aid, resulted in Walsh's death. *Id.* ¶ 29. As a result of these actions, J.W. 1 and J.W. 2 are alleged to have suffered and continue to suffer the lifelong loss of their father, resulting in economic and non-economic damages. *Id.* ¶ 52.

## III.   Terms of Proposed Settlement

### A.   Settlement Amount

The Application states that Defendants have agreed to pay $750,000 (the "Gross Settlement Amount") to settle this case. Dkt. 37 at 4. Under the terms of the proposed agreement, the Gross Settlement Amount is to be distributed as follows: $375,000 (50%) to J.W.1 and her attorneys; and $375,000 (50%) to J.W.2 and her attorneys. *Id.* at 6 ¶ 7. Plaintiffs' attorneys, the Law Offices of Dale K. Galipo and the Sehat Law Firm, PLC ("Attorneys"), request a contingency fee of $300,000 (40%) of the Gross Settlement Amount, to be provided by the payment of $150,000 from each minor's gross settlement proceeds. *Id.* at 6 ¶ 11. The Attorneys also request an award of costs totaling $3,585.69, which would also be paid in equal amounts from each minor's gross settlement proceeds. *Id.* at 7 ¶ 12. These requests are made pursuant to the retainer agreements entered into by Plaintiffs, which provide for the 40% contingency fee and the reimbursement of costs. *Id.* at 7 ¶ 13. The total net settlement proceeds to Plaintiffs would be $446,414.31, resulting in net proceeds of $223,207.16 to J.W.1 and $223,207.15 to J.W.2. *Id.* at 8 ¶ 14.

The proposed allocation of the $750,000 Gross Settlement Amount is summarized in this table:

| | |
|---|---:|
| Net Settlement Allocated to J.W.1 | $223,207.16 |
| Net Settlement Allocated to J.W.2 | $223,207.15 |
| Costs | $3,585.69 |
| Attorney's Fees | $300,000.00 |
| **Total** | **$750,000.00** |

### B.   Disbursement of Proceeds

The Application proposes that the net settlement proceeds allocated to Plaintiffs be used to fund a structured settlement annuity for each Plaintiff. *Id.* at 8 ¶ 15. The proposed structured settlement annuity for J.W.1 is attached to the Application as Exhibit A to the Declaration of Marcel F. Sincich. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

(citing Dkt. 37-2). The total amount that J.W.1 would receive through periodic payments is $561,000. *Id*. The following is a summary of the proposed Periodic Payments to J.W.1, which would be disbursed to her when she is between the ages of 18 and 30:

| | |
|---|---|
| Semi-annual payments guaranteed for 4 years, beginning on 7/24/2038 with last payment on 1/24/2042 | $22,000 |
| July 24, 2042 | $30,000 |
| July 24, 2044 | $40,000 |
| July 24, 2046 | $50,000 |
| July 24, 2048 | $75,000 |
| July 24, 2050 | $175,000 |
| **Total Payments** | **$546,000** |

The following is a summary of proposed Periodic Payments to Aguilar, J.W.1's natural guardian, to be paid during J.W.1's minority:

| | |
|---|---|
| September 1, 2024 | $5000 |
| July 24, 2030 | $5000 |
| July 24, 2035 | $5000 |
| **Total Payments** | **$15,000** |

Dkt. 37-2 at 1.

The proposed structured settlement annuity for J.W.2 is attached to the Application as Exhibit B to the Declaration of Marcel F. Sincich. *Id.* (citing Dkt. 37-3). The total amount that J.W.2 would receive through this proposal is $599,728. *Id*.

The following is a summary of the proposed Periodic Payments to J.W.1, which would also be disbursed to her from the ages of 18 to 30:

| | |
|---|---|
| Semi-annual payments guaranteed for 4 years, beginning on 2/28/2040 with last payment on 8/28/2043 | $23,716 |
| February 28, 2044 | $30,000 |
| February 28, 2046 | $40,000 |
| February 28, 2048 | $50,000 |
| February 28, 2050 | $75,000 |
| February 28, 2052 | $205,000 |
| **Total Payments** | **$584,728** |

The following is a summary of the proposed Periodic Payments to Aguilar during her minority:

| | |
|---|---|
| September 1, 2024 | $5000 |
| February 28, 2032 | $5000 |
| February 28, 2037 | $5000 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

| **Total Payments** | **$15,000** |
|---|---|

Dkt. 37-3 at 1.

**IV.  Analysis**

    A.    Legal Standards

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

In general, federal courts "require that claims by minors ... be settled in accordance with applicable state law." Schwarzer, Tashima, & Wagstaffe, California Practice Guide, Federal Procedure Before Trial ¶ 15:138 (2013). However, the Ninth Circuit held that "this approach places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs." *Robidoux*, 638 F.3d at 1181. Thus, when evaluating the fairness of a settlement under Fed. R. Civ. P. 17(c), district courts are to "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. This evaluation is to be made "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Id*. *Robidoux* is expressly limited to "cases involving settlement of a minor's federal claims." *Id.* at 1179 n.2 ("We do not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims.").

Local Rule 17-1 provides that claims made by a minor may not be settled without court approval. It also provides that a district court is to apply Cal. Code Civ. P. § 372 and Cal. Rule of Court 3.1384 in evaluating a proposed settlement. It also provides that Cal. Prob. Code §§ 3600 *et seq*. apply as to the proposed allocation and disbursement of settlement proceeds. Cal. Prob. Code § 3601 requires court approval of the payment of attorney's fees and costs. Under California law, a reviewing court is to evaluate the reasonableness of the settlement amount and terms and determine whether the compromise is in the best interests of the minor. See *Pearson v. Superior Court*, 202 Cal. App. 4th 1333, 1338 (2012); *Espericueta v. Shewry*, 164 Cal. App. 4th 615, 627 (2008). Similarly, Local Rule 17-1.4 provides that "[i]n all actions involving the claim of a minor or incompetent person, whether resolved by settlement or judgment after trial, the Court shall fix the amount of attorney's fees."

    B.    Application

        1.    Choice of Law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

Plaintiffs have brought both federal and state law claims, with supplemental jurisdiction asserted as to the state law claims. Dkt. 1 ¶ 7. Although *Robidoux* limited its holding to "cases involving the settlement of a minor's federal claims[,]" *Robidoux*, 638 F.3d at 1179 n.2, courts have applied it to settlements "involving" federal claims where the court is also exercising supplemental jurisdiction over state law claims. *See, e.g.*, *A.G.A. v. Cnty. of Riverside*, No. EDCV1900077VAPSPx, 2019 WL 2871160, at *3 (C.D. Cal. Apr. 26, 2019) (collecting cases); *Jones v. City of Sacramento*, No. 220CV00900DJCKJN, 2024 WL 1077149, at *3 (E.D. Cal. Mar. 12, 2024); *Cantu v. Kings Cnty.*, No. 1:20-cv-00538-JLT-SAB, 2023 WL 8806569, at *3 (E.D. Cal. Dec. 20, 2023) (quoting *Calderon v. United States*, No. 1:17-cv-00040-BAM, 2020 WL 3293066, at *3 (E.D. Cal. June 18, 2020)), *R. & R. adopted*, 2024 WL 169153 (E.D. Cal. Jan. 16, 2024); *Est. of Sauceda v. City of N. Las Vegas*, No. 211CV02116GMNNJK, 2020 WL 1982288, at *3 (D. Nev. Apr. 15, 2020), *R. & R. adopted*, No. 211CV02116GMNNJK, 2020 WL 2105017 (D. Nev. Apr. 30, 2020).

As one district court concluded, the "Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims[,]" but where minors' claims are brought under both federal and state law and the settlement is not claim-specific, "in the absence of clear authority directing the Court to do otherwise, the Court follows the Ninth Circuit's guidance in reviewing the reasonableness of the settlement as a whole." *Bor v. PPC WSSC LLC*, No. 11-cv-03430-LHK, 2012 WL 1438779, at *3 (N.D. Cal. Apr. 25, 2012). Thus, the *Robidoux* standard is applied below.

  2.  Reasonableness of Settlement

The net amount distributed to each of the minors is fair and reasonable "in light of the facts of the case, the [minors'] specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82.

As alleged in the Complaint, Plaintiffs have suffered, and will continue to suffer, "the lifelong loss of their father, resulting in economic and non-economic damage including for the past and future loss of Decedent's love, companionship, comfort, care, assistance, attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, household services, and future financial support." Dkt. 1 ¶ 52. Further, as successors-in-interest to Walsh, Plaintiffs must also be compensated for their father's "severe pre-death pain and suffering, loss of life, and loss of opportunity and enjoyment of life." *Id.* ¶ 53. These are grave and substantial injuries for which a substantial settlement award is warranted.

The Application does not discuss analogous cases, but an independent review of cases involving similar claims shows that the proposed settlement amounts fall within the broad range previously approved by courts. *See, e.g.*, *Est. of Sauceda*, 2020 WL 1982288 at *3 (approving settlement agreement for wrongful death of minor's father by police officers in which each minor received net amount of $56,647); *Cotton ex rel. McClure v. City of Eureka*, 2012 WL 6052519 (N.D.Cal. Dec. 5., 2012) (approving settlement agreement for wrongful death of minor's father by police officers in which minor received net amount of $2,646,765.90 following jury verdict awarding $4,000,000 while on appeal); *E.S. by & through Gonzalez v. City of Visalia*, No. 1:13-CV-1697-LJO-BAM, 2015 WL 6956837, at *1 (E.D. Cal. Nov. 3, 2015) (approving minor's settlement in net amount of $130,444.83 in case involving fatal shooting of minor's father), *R. & R. adopted*, No. 113CV01697LJOBAM, 2015 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

13215675 (E.D. Cal. Nov. 20, 2015); *Doe ex rel. Scott v. Gill*, Nos. C 11-4759 CW, C 11-5009 CW, C 11-5083 CW, 2012 WL 1939612 at *2 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7188.85 in action involving police officers' shooting and killing of minor's mother); *Swayzer v. City of San Jose*, No. C10-03119 HRL, 2011 WL 3471217 at *1 (N.D. Cal. Aug. 5, 2011) (approving minor's compromise for net amount of $2054.17 in action involving alleged wrongful death of minor's father during his arrest).

The Application does not discuss the likelihood of success on the merits, or more specific facts beyond the pleadings, but notes that the case involved a "substantial amount of risk." Dkt. 37 at 7. It is also significant that the parties reached the settlement through arm's length negotiations with a private neutral with substantial experience in this area. Further, the Attorney's have that same level of experience.

In light of the broad range of approved settlements cited above, the arm's length negotiations facilitated by an experienced neutral, and the sophistication of the Attorneys, the outcome is deemed fair and reasonable.

      3.      <u>Disposition of Proceeds</u>

Local Rule 17-1.5 provides that "[a]ll monies or property recovered on behalf of a minor . . . either by settlement or judgment, shall be paid into the registry of the Court unless otherwise ordered by the Court."

The Petition requests that the Defendant City of Glendale purchase a structured annuity for each minor, which will result in guaranteed tax-free lump sum payments totaling $561,000 for J.W. 1, and $599,728 for J.W.2. This will more than double the net settlement proceeds allocated to each minor. Dkt. 37 at 8 ¶ 14. The majority of the proceeds will be distributed directly to J.W.1 and J.W.2 at regular intervals, from age 18 until age 30. The sum of $15,000 will be distributed to each of them at three times while each is a minor, to their common, natural guardian Daisy Aguilar. Aguilar declares that she is the current caregiver and prospective adoptive parent of J.W.1 and J.W.2, for which the legal process is underway, and she intends to safeguard these funds in a separate account, for "the sole purpose of supporting my two new daughters until they reach the age of majority." Dkt. 37-5 ¶¶ 2, 4.

The proposed disbursement plan ensures that Aguilar will be able to support J.W. 1 and J.W. 2 with the necessities of life during their minority, and that the majority of settlement funds will be kept safe and maximize the benefits to J.W.1 and J.W.2. for their use when they become adults. Therefore, the proposed disposition of proceeds is fair, reasonable and in the best interest of the minor Plaintiffs.

      4.      <u>Reasonableness of Attorney's Fees</u>

The Application states that Plaintiffs entered retainer agreements in this matter with their Attorneys, which provides for a 40% contingency fee, plus reimbursement of litigation costs. Dkt. 37 at 7 ¶ 13. The Application proposes that the settlement proceeds be allocated in this manner. As discussed above, the two firms would together receive $300,000 in fees and $3585.69 in costs. This is greater than the net settlement amounts allocated to each of the two minors, but approximately two-thirds of their combined, net recovery. Considering the structured annuity, each minor will receive almost twice the amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

these fees over time.

In analyzing the reasonableness of attorney's fees, courts look to numerous factors, including the following:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

*LaFarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986).

The Application states that "the contingency fee requested is justified by attorney Dale K. Galipo's skill and experience in the civil rights field; the difficulties and complexities of this case; the risk assumed by Plaintiffs' counsel; and the time and expense of prosecuting this case." Dkt. 37 at 7 ¶ 13. The Attorneys have not presented any evidence as to the actual amount of time worked on this case, or how many hours were devoted to any given task. Nor have they provided any evidence as to the prevailing market rates for civil litigation practitioners in this field. Additionally, no accounting has been provided as to the costs for which reimbursement sought. However, under *Robidoux*, the issue presented is only whether the proposed net recovery to the minors is reasonable, "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Robidoux*, 638 F.3d at 1181-1182. Further, as with any contingency matter, counsel here took a risk. If there had been no recovery either through settlement or trial, counsel would have received no compensation for the work performed.

**V.    Conclusion**

For the reasons stated in this Order, the Application is **APPROVED**.

**THEREFORE, IT IS HEREBY ORDERED**:

1. The settlement of minor Plaintiffs J.W.1 and J.W.2's action against the Defendants in the gross amount of $750,000 is hereby approved.

2. Defendant City of Glendale, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $750,000 payable as follows:

    i. A draft for $303,585.69 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account," and sent to the Law Offices of Dale K. Galipo at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California. These funds shall be used to satisfy (1) the attorneys' fees owed to the Law Offices of Dale K. Galipo and the Sehat Law Firm,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
|---|---|---|---|
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

   PLC in the amount of $300,000 by minor Plaintiffs in total; and (2) the amount in costs owed to minor Plaintiffs' attorneys in the amount of $3,585.69 in total.

  ii. Defendant City of Glendale will purchase a structured annuity for the minor Plaintiff J.W.1 in the amount of $223,207.16 from MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Marcel F. Sincich and in the table below. The total amount that J.W.1 will receive after the final payment is made directly to her from the annuity is $561,000.00.

  iii. Defendant City of Glendale will deliver the annuity premium check, made payable to "MetLife Assignment Company, Inc.", to Plaintiff J.W.1's structured settlement company, Baldwin Settlements at 24265 Juanita Dr., Laguna Niguel, CA 92677, to fund the annuity.

  iv. Defendant City of Glendale will purchase a structured annuity for the minor Plaintiff J.W.2 in the amount of $223,207.15 from MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee"), which will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit B" to the Declaration of Marcel F. Sincich and in the table below. The total amount that J.W.2 will receive after the final payment is made directly to her from the annuity is $599,728.00.

  v. Defendant City of Glendale will deliver the annuity premium check, made payable to "MetLife Assignment Company, Inc.", to Plaintiff J.W.2's structured settlement company, Baldwin Settlements at 24265 Juanita Dr., Laguna Niguel, CA 92677, to fund the annuity.

3. All sums and periodic payments set forth in the section entitled "Payments" constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

4. Disbursement drafts will be made payable and will begin being issued directly to minor Plaintiffs upon reaching the age of maturity according to the payment schedule:

  i. Periodic Payments payable to J.W.1

| Payment | Guaranteed Benefit |
|---|---|
| **Semi-Annual Benefit-Guaranteed Tax-Free $22,000.00** Payable semi-annually, guaranteed 4 years only, to begin at age 18, beginning on 7/24/2038 with last payment on 1/24/2042. | $176,000.00 |
| **Lump Sum- Guaranteed Tax-Free $30,000.00** Payable at age 22, on 7/24/2042. | $30,000.00 |
| **Lump Sum- Guaranteed Tax-Free $40,000.00** Payable at age 24, on 7/24/2044. | $40,000.00 |
| **Lump Sum- Guaranteed Tax-Free $50,000.00** | $50,000.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
|---|---|---|---|
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

| Payment | Guaranteed Benefit |
|---|---|
| Payable at age 26, on 7/24/2046. | |
| **Lump Sum- Guaranteed Tax-Free $75,000.00** Payable at age 28, on 7/24/2048. | $75,000.00 |
| **Lump Sum- Guaranteed Tax-Free $175,000.00** Payable at age 30, on 7/24/2050. | $175,000.00 |
| Periodic payments payable to Daisy Aguilar (as Natural Guardian): | |
| **Lump Sum- Guaranteed Tax-Free $5,000.00** Payable on 9/1/2024. | $5,000.00 |
| **Lump Sum- Guaranteed Tax-Free $5,000.00** Payable at age 10, on 7/24/2030. | $5,000.00 |
| **Lump Sum- Guaranteed Tax-Free $5,000.00** Payable at age 15, on 7/24/2035. | $5,000.00 |
| **Structured Amount: $223,207.16** | **Total Benefit: $561,000.00** |

    ii. Periodic Payments payable to J.W.2

| Payment | Guaranteed Benefit |
|---|---|
| **Semi-Annual Benefit-Guaranteed Tax-Free $ 23,716.00** Payable semi-annually, guaranteed 4 years only, to begin at age 18, beginning on 2/28/2040 with last payment on 8/28/2043. | $189,728.00 |
| **Lump Sum- Guaranteed Tax-Free $30,000.00** Payable at age 22, on 2/28/2044. | $30,000.00 |
| **Lump Sum- Guaranteed Tax-Free $40,000.00** Payable at age 24, on 2/28/2046. | $40,000.00 |
| **Lump Sum- Guaranteed Tax-Free $50,000.00** Payable at age 26, on 2/28/2048. | $50,000.00 |
| **Lump Sum- Guaranteed Tax-Free $75,000.00** Payable at age 28, on 2/28/2050. | $75,000.00 |
| **Lump Sum- Guaranteed Tax-Free $200,000.00** Payable at age 30, on 2/28/2052. | $200,000.00 |
| Periodic payments payable to Daisy Aguilar (as Natural Guardian): | |
| **Lump Sum- Guaranteed Tax-Free $5,000.00** Payable on 9/1/2024. | $5,000.00 |
| **Lump Sum- Guaranteed Tax-Free $5,000.00** Payable at age 10, on 2/28/2032. | $5,000.00 |
| **Lump Sum- Guaranteed Tax-Free $5,000.00** Payable at age 15, on 2/28/2037. | $5,000.00 |
| **Structured Amount: $223,207.15** | **Total Benefit: $599,728.00** |

5. Defendant City of Glendale will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant City of Glendale's liability to make the periodic payments as described in the above table and in "Exhibit A" and "Exhibit B" to the Declaration of Marcel F. Sincich filed concurrently herewith. Such assignment, if made, shall be accepted by the Plaintiffs without right of rejection and shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-03006 JAK (AGRx) | Date | May 24, 2024 |
| Title | J. W. 1, et. al v. City of Glendale, et. al. | | |

    completely release and discharge Defendant City of Glendale from such obligations hereunder as are assigned to Assignee. This includes that Defendant City of Glendale shall execute a Qualified Assignment document.

6. Defendant City of Glendale and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

7. The Assignee shall be the owner of the annuity policy or policies and shall have all rights of ownership.

8. The Assignee will have the Annuity Carrier mail payments directly to the minor Plaintiffs, as set forth above. Daisy Aguilar (until each respective minor Plaintiff reaches the age of the majority) and then each respective minor Plaintiff shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

9. An Order to Show Cause re Dismissal ("OSC") is set for Monday, July 8, 2024. On or before July 1, 2024, the parties shall file a request for dismissal. If a request for dismissal is not filed by July 1, 2024, counsel shall instead file on that date, a response to the OSC, which shall include the status of the settlement and the anticipated date the request will be filed. If a request for dismissal is filed on or before July 1, 2024, the OSC will be discharged, and the matter taken off calendar.

**IT IS SO ORDERED.**

                                                                                                     :

Initials of Preparer     tj